FILED
Jeffrey A. Apperson, Clerk
MAR 10 2009
U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                    CRIMINAL NO. 3:09CR-36-R

Med 1st of Middletown                                             DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by David L. Huber, United States Attorney for the Western District of Kentucky, and defendant, Med 1st of Middletown, and its attorney, John L. Smith, have agreed upon the following:

1. Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which will be filed against defendant by the United States Attorney for the Western District of Kentucky. That information will charge defendant with a violation of Title 18, United States Code, Section 1347.

2. Defendant has read the charges against it contained in the Information, and those charges have been fully explained to it by its attorney. Defendant fully understands the nature and elements of the crimes with which it has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because it is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

1

a. Beginning in 2002, the defendant, Med 1st of Middletown, began its operation in Louisville, Kentucky. It provided medical, chiropractic, and physical therapy services to patients.

b. Shortly thereafter, Med 1st of Middletown purchased its first Vertebral Axial Decompression (VAX-D) tables. It also billed for and was paid for VAX-D treatment. The treatment provided on these VAX-D tables was considered experimental and/or investigational by most insurers. Thus, most insurers did not pay for this procedure, as it was considered a non-covered service.

c. Codes are assigned to various procedures performed in a medical setting for billing and payment. These codes are standardized in the industry. Since VAX-D treatment was considered experimental, it was assigned what is known as a HCPC code of S9090.

d. Instead of billing for this assigned code, Med 1st of Middletown billed insurers including Anthem for other covered service codes.

e. Two of the codes which were frequently used by Med 1st of Middletown were taken from the Current Procedural Terminology ("CPT") manual which is updated yearly. Med 1st billed for CPT code 64722 which is a code typically used for surgery. It is described in the CPT manual as

2

"decompression; unspecified nerve". Med 1st was notified by Anthem that this was not the appropriate code to bill for VAX-D treatment. Moreover, they were notified that Anthem would not pay for VAX-D treatment.

f. Med 1st then began billing this procedure as CPT code 97110. This code is used to describe "therapeutic exercises". This too was not the proper code to submit, and in so doing, the defendant, was submitting false claims to Anthem and other insurers.

g. At the time, the defendant, Med 1st, was aware that this was not a covered service and that the codes it was using were not the proper codes. Thus, Med 1st knowingly engaged in a scheme to defraud a health benefit plan by fraudulently billing its patients' insurances, including Anthem, FEHB, and Tri-care for the VAX-D treatment.

h. For its participation in the scheme the defendant received $311,860.49.

4. Defendant understands that the charge to which it will plead guilty carries a combined maximum fine of $500,000, and a 3 year term of supervised release.

5. Defendant understands that by pleading guilty, it surrenders certain rights set forth below. Defendant's attorney has explained those rights to it and the consequences of his

3

waiver of those rights, including the following:

    a.   If defendant persists in a plea of not guilty to the charges against it, it has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    b.   At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

    c.   At a trial, defendant would have a privilege against self-incrimination and it could decline to

Received Time Jan. 14. 3:31PM

testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, it could testify in his own behalf.

6. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

7. Defendant understands that the United States will inform the court that it should order payment of a total of $311,860.49 in restitution payable to the Anthem Blue Cross Blue Shield. The defendant further understands that it may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

8. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $400 to the United States District Court Clerk's Office by the date of sentencing.

9. At the time of sentencing, the United States will

-The parties agree that the fine will be set at $125,000 which will be withheld from imposition at sentencing and through the conclusion of the case provided the defendant pays restitution in accordance with the

5

agreement set forth below.[1]

- recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

- stipulate that the amount of restitution is $311,860.49.

10. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| Base Offense Level (2B1.1(a)): | 6 |
| Specific Characteristics: | |
| More than $200,000 (2B1.1(b)(1)(G)): | 12 |
| Subtotal: | 18 |
| Reduction for Acceptance (3E1.1(a)): | -3 |
| Adjusted Offense Level: | 15 |

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

6

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).

C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

11. Defendant is aware of its right to appeal its conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal its conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

12. Defendant understands and agrees that complete and truthful cooperation is a material condition of this Agreement.

7

Defendant understands that such cooperation shall be provided to any state, local, and federal law enforcement agencies designated by counsel for the United States. Cooperation will include:

    a. providing all information known to defendant regarding any criminal activity, including but not limited to the offenses described in this Agreement;

    b. complying with all reasonable instructions from the United States;

    c. submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; and

    d. testifying fully and truthfully before any grand juries or at any trials or proceedings where defendant's testimony is deemed by the United States to be relevant.

13. The United States agrees that any statements made by defendant during the cooperation phase of this Agreement shall not be used against defendant in any subsequent civil or criminal prosecutions, unless and until there is a determination by the Court that defendant has breached this Agreement. However, the United States will be free to use at sentencing in this case any statements and evidence provided by defendant during the cooperation phase of the Agreement.

14. In the event the United States believes defendant has

Received Time Jan. 14. 3:31PM

failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of being relieved of its obligations under the plea agreement. Whether or not defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the United States.

15. Defendant and the United States agree that in the event the defendant has breached the Agreement:

    a. Defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

    b. The United States will be free to make any recommendations to the Court regarding sentencing in this case;

    c. Any evidence or statements made by defendant during the cooperation phase will be admissible at any trials or sentencing;

    d. The United States will be free to bring any other charges it has against defendant; and

    e. The United States will be free to seek forfeiture of any assets not covered by this Agreement.

16. Defendant agrees to make a full and complete disclosure of its assets and financial condition, and has completed a defendant's Affidavit, and will submit to an investigation by the

Financial Litigation Unit of the United States Attorney's Office for the purpose of insuring prompt satisfaction of all fines, restitution, and special assessments resulting from his guilty plea.

17. This Agreement is entered into by the United States on the basis of the express representation of defendant that it is making a full and complete disclosure of all assets over which he exercises control. This Agreement does not bind the Internal Revenue Service from the collection of taxes.

18. If necessary, Defendant agrees to an investigation by the United States Marshal's Service for the purpose of assessing the value of each and every asset. Defendant agrees to undergo a full debriefing in order to accomplish this end.

19. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

20. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets has fully vested in the United States. The

Received Time Jan. 14. 3:31PM

reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

21. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510, should defendant commit any of those offenses during the cooperation phase of this Agreement. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against defendant in any such prosecution.

22. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

23. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

24. Defendant agrees to interpose no objection to the

11

United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

25. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

26. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is

in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

27. This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID L. HUBER
United States Attorney

By /s/ Lettricea Jefferson-Webb
Lettricea Jefferson-Webb
Assistant U.S. Attorney

3/4/09
Date

13

  I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

\*  _Marvin E. Poling_      _1/14/09_
Med 1st of Middletown        Date
Defendant

  I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_John L. Smith_      _1-15-09_
John L. Smith        Date
Counsel for Defendant

DLH:ljw

14